# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KEVIN MORA<br>    Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:17-CV-00045 |
| CHEMIX ENERGY SERVICES, LLC<br>    Defendant. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought as an individual action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Kevin Mora by Defendant, its subsidiaries and affiliated companies.

### Parties

1. Plaintiff Kevin Mora is a current employee of Defendant, is and has been personally engaged in interstate commerce during his employment with the Defendant, and is represented by the undersigned.

2. Defendant Chemix Energy Services, LLC ("Chemix") is a Texas limited liability company and an "employer" as defined by the FLSA. With respect to Plaintiff Chemix is subject to the provisions of the FLSA. Chemix was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Chemix may be served through its registered agent, Nathan H. May at 9002 Western View, Helotes, TX 78023, or wherever he may be found.

### Jurisdiction and Venue

3. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district,

and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendant's business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

**Factual Allegations**

4. Plaintiff Kevin Mora has worked for Defendant as an Operator and shop worker from January of 2014 until the present time. Plaintiff Mora's duties include, but are not limited to, helping mix chemicals, torqueing and testing bolts and valves, maintaining and servicing oil and gas production facilities, overseeing the testing and monitoring of wells, pumps, storage facilities and other pressure control equipment.

5. Chemix is a company that provides services to the oil and gas industry, providing, in addition to other services, chemical mixing services for coiled tubing operations, as well as flow metering and torque and pressure testing services. In his employment for Chemix, Plaintiff has performed these services for Chemix customers at the customers' well sites. Plaintiff is paid a salary and is paid daily bonuses for each he works in the field. Plaintiff performs repetitive manual work that requires him to follow pre-determined protocol and procedures. While he is in the field, Plaintiff works long hours, often between 12 and 16 hours per day. Plaintiff has

regularly worked well in excess of 40 hours per week, but is not paid premium pay for the hours worked over 40.

6. At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff is and was not an "exempt" employee.

7. Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

8. Defendant's actions were willful and in blatant disregard for Plaintiff's federally protected rights.

### Plaintiff's Individual Allegations

9. As a non-exempt employee, Plaintiff is entitled to be paid his regular wages and to be paid an overtime premium for all work performed during the hours worked over forty (40) hours in each workweek. Defendant has failed to pay the Plaintiff the required overtime premium in every workweek that the Plaintiff was employed by Defendant in which Plaintiff worked in excess of 40 hours. Plaintiff is paid a salary plus bonuses for each job completed or each day worked, but is not paid premium pay for hours worked over 40.

10. No exemption excuses the Defendant from paying Plaintiff for all time spent and work performed during the hours he works, and the Defendant has not made a good faith effort to comply with the FLSA. As such, the Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA.

### CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

11. Based on the foregoing, Defendant violated the FLSA by failing to properly compensate Plaintiff for work performed in the employ of the Defendant.

12. Plaintiff has suffered damages as a direct result of Defendant's illegal actions.

13. Defendant is liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## **Demand for Jury**

14. Plaintiff demands a trial by jury.

## **Prayer for Relief**

WHEREFORE, Plaintiff demands:

1. Judgment against Defendant for an amount equal to Plaintiff's unpaid overtime wages at the applicable rate;
2. An equal amount to the overtime wage damages as liquidated damages;
3. Judgment against Defendant that its violations of the FLSA were willful;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to amend to add claims under applicable state laws; and
7. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFF KEVIN MORA**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
[vijay@buenkerlaw.com](mailto:vijay@buenkerlaw.com)
**THE BUENKER LAW FIRM**
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR PLAINTIFF**